UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO.   1:11-cv-00875-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF |
| S. HUBBARD, et al., | |
| Defendants. | (ECF Nos. 3 & 11) |

**ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 31, 2011, Plaintiff filed his original Complaint and he consented to Magistrate Judge jurisdiction on September 9, 2011.  (ECF Nos. 1 & 13.)  Plaintiff then filed a First Amended Complaint on August 15, 2011.  (ECF No. 10.)  Plaintiff's complaint has not yet been screened by this Court.

Pending before the Court are Plaintiff's motions for injunctive relief filed May 31, 2011 and August 23, 2011.  (ECF Nos. 3 & 11.)

## II. LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding

scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

**III.    ANALYSIS**

In the May Motion, Plaintiff states that he is being deliberately targeted by prison officials in that prison officials have made him a target for an assault by divulging information about him.  Plaintiff also claims that he can meet each of the criteria: prison officials are placing him with the general population, who will harm him; Plaintiff's present and possible future suffering outweighs the prison's interests in the balancing of hardships; Plaintiff is likely to succeed on the merits; and the relief sought will serve the public interest.

In the instant motion, Plaintiff fails to meet the all of the legal standards required to be granted an injunction.  To succeed on a motion for such relief, Plaintiff must establish

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  The motion merely conclusory allegations which fail to establish anything.  Plaintiff has not demonstrated that he will succeed on the merits of his case.  He does not address the merits of his case at all, but instead makes a conclusory statement that he is likely to succeed.  Plaintiff also merely makes conclusory statements regarding the balance of equities and the public interest components, which is insufficient to be granted injunctive relief.

In the August Motion, Plaintiff against states that he is going to be placed among the general population where he will be harmed.  He fails to state anything else regarding the requested relief and has, thus, failed to meet the standards for injunctive relief.

Based on the foregoing, the Court finds that Plaintiff's motions for injunctive relief should be denied.  The Court recognizes that Plaintiff's First Amended Complaint, which is yet to be screened, also requests similar injunctive relief.  In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief as outlined in the Complaint.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions for injunctive relief be DENIED.

IT IS SO ORDERED.

Dated:   September 15, 2011

UNITED STATES MAGISTRATE JUDGE