# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYAN E. RANSOM,

Plaintiff,

v.

S. HUBBARD, et al.,

Defendants.

_______________________________________/

CASE NO. 1:11-cv-00875-GBC (PC)

ORDER REVOKING IN FORMA PAUPERIS STATUS PURSUANT TO SECTION 1915(g) AND REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN TWENTY DAYS

Doc. 9

TWENTY DAY DEADLINE

## I. Three Strikes

On May 31, 2011, Plaintiff Bryan E. Ransom ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On July 1, 2011, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 9.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the following cases which counts as strikes: *Ransom v. Doe*, 2:96-cv-08204-RSWL-CT-PC (C.D. Cal.) (dismissed for failure to state a claim on December 4, 1996, dismissed in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994));[2] *Ransom v. Williams*, 2:96-cv-08203-MRP-CT-PC (C.D. Cal.) (dismissed for failure to state a claim on December 6, 1996, pursuant to *Heck*); *Ransom v. Sandoval*, 3:01-cv-00513-JM-JAH-PC (S.D. Cal.) (dismissed for failure to state a claim on January 10, 2002). The Court also notes that Plaintiff's request for in forma pauperis status was twice declined by the Ninth Circuit in *Ransom v. Corona*, No. 04-55056 (9th Cir. May 27, 2004) and in *Ransom v. Westphal*, No. 08-15376 (9th Cir. Aug. 27, 2008). Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was under imminent danger of serious physical injury at the time the complaint is filed.

## II. Claims of Imminent Danger

### A. Legal Standard

Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege an ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). Thus, "a prisoner who alleges that

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[2] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056-57. Additionally, the threat to plaintiff must be real and proximate, *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002), and the allegations need to be specific or credible, *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

**B. Analysis**

**1. Plaintiff Made the Same Imminent Danger Claims in 2005**

In Plaintiff's complaint, he states "Claim No. 1: Imminent Danger." Compl. at 5, Doc. 1. Plaintiff alleges that the prison requires him to wear a special needs yard (SNY) or protective custody (PC) jacket and that he is in danger of being released into the general population. However, Plaintiff does not meet the exception, as he has been alleging the same claims of imminent danger since 2005.

On January 21, 2005, Plaintiff filed *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA, 2010 WL 4137180, at *2-3 (E.D. Cal.). In that case, Plaintiff alleged the same claims of imminent danger, stating defendants incorrectly labeled him a protective custody (PC) inmate, divulged this information to general custody inmates, released him into the general population, and that Plaintiff was labeled with "the known and lethal PC Jacket." *Id.* The Court found that Plaintiff failed to describe any incidents or threats to his safety since being labeled a "PC" inmate, even during the two occasions when he was released into the general prison population. *Id.* at *3. The Court found that Plaintiff only made vague and conclusory allegations that he is "at a substantial risk of harm" due to a "lethal stigma." *Id.*

Similarly in the current case, Plaintiff makes vague and conclusory allegations that prison officials have labeled him as a special needs yard (SNY) or protective custody (PC) inmate, subjecting him to "lethal stigma." Compl. at 5, Doc. 1. Thus, Plaintiff has already made the same allegations of imminent danger, and they have already been rejected by the District Court.

**2. Plaintiff's Allegations are Not "Imminent"**

Plaintiff also states that on two prior occasions, defendants have placed Plaintiff in the general population, causing him serious injury. *Id.* at 6. Plaintiff does not allege the dates he was placed in general population. Plaintiff alleges retaliation for filing grievances, fabricated allegations against Plaintiff, falsely finding him guilty of "refusing to program" and "disruptive behavior" and assessing

a two year security housing unit ("SHU") term. *Id.* Plaintiff states that his two year SHU term expired on March 16, 2011, and Plaintiff is now "subjected" to being returned to general population among his "state created enemies." *Id.*

Plaintiff makes no allegations to substantiate his claims that he is "subjected" to return to general population. Although Plaintiff alleges he has been placed in general population on two prior occasions, he does not allege that defendants have *recently* placed him in general population. A review of Plaintiff's prior cases shows that defendants have not placed Plaintiff in general population since at least 2000.

In *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA, 2010 WL 3749291, at *2 (E.D. Cal.), Plaintiff alleged that in September 2000, defendants incorrectly labeled him a Protective Custody (PC) inmate and divulged this information to general custody inmates at Calipatria State Prison, placing him at a substantial risk of harm if released into general custody. *Id.* However, it was more than four years later when Plaintiff filed the complaint in 2005, and by then he had been transferred out of Calipatria State Prison and was in custody at Corcoran State Prison in the Security Housing Unit. *Id.* The Court found that these facts do not support a finding that Plaintiff was under imminent danger of serious physical injury in January 2005, when he filed the complaint. *Id.* In *Ransom v. Johnson*, No. 1:11-cv-00617-LJO-GBC (E.D. Cal.), Plaintiff alleged that on June 8, 2001, defendants at California State Prison - Sacramento transferred Plaintiff to general population. Compl. at 7, 17, Doc. 1.

Plaintiff does not allege any dates that he was placed in general custody in the instant case, leading the Court to conclude that he is attempting to allege "imminent danger" for something that transpired at a different prison ten years ago. Thus, Plaintiff fails to allege any facts which demonstrate that his harm, apparently originating at a different prison in 2000-2001, continues to the date of filing this case in 2011.

//
//
//
//
//
//

**3. Plaintiff Originally Requested to Remain in General Population, and Plaintiff Now Asserts Defendants' Placement in General Population was "Imminent Danger"**

Moreover, it appears that Plaintiff originally requested to remain in general population and subsequently sued defendants for transferring him back to the special needs yard.

> The district court properly dismissed Ransom's claims that his transfer from the general population to the special needs yard was retaliatory because Ransom conceded that he had a safety concern in the general population and therefore defendants' actions indisputably advanced a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The district court also properly determined that Ransom failed to state a due process claim because he did not allege that being transferred from one facility to another constituted an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

*Ransom v. Dymond*, 158 Fed. Appx. 925, at *1 (9th Cir. 2005). Thus, on one hand Plaintiff alleged a retaliatory transfer *from* general population, and now Plaintiff is attempting to use his (originally desired) placement in general population to satisfy the imminent danger exception.

**4. Plaintiff Previously Made the Same Claims and Now has Tacked on "Imminent Danger"**

Plaintiff also appears to be tacking on claims of imminent danger claims in order to circumvent three strikes. On November 24, 2008, Plaintiff filed *Ransom v. Martinez*, No. 1:08-cv-01812-AWI-GBC, 2011 WL 4762122, at *1 (E.D. Cal.). In that case, Plaintiff did not include any claims of imminent danger claim in his original complaint but alleged "Claim Nos. 1 and 2: Denial of Bodily Privacy." *Ransom v. Martinez*, No. 1:08-cv-01812-AWI-GBC, Compl. at 4, 6, Doc. 1. Plaintiff alleged that in August and September 2007, he was forced to undergo strip searches under threat of pepper spray in front of women staff, "notorious homosexuals, voyeurs, and masturbators." *Id.*

In the current case, Plaintiff brings the same allegations as in the prior case, stating "Claim No. 2: Denial of Bodily Privacy." Plaintiff again alleges that in August and September 2007, he was forced to undergo strip searches under threat of pepper spray in front of women staff, "notorious homosexuals, voyeurs, and masturbators." Compl. at 7, Doc. 1. However, Plaintiff has conveniently tacked on "Claim No. 1: Imminent Danger" in order to avoid the three strikes provision. *Id.* at 6. Thus, Plaintiff is attempting to bring the same case he brought in 2008, but in this instance, he is trying to include an "imminent danger" claim in order to avoid the filing fee. "Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th

Cir. 2003). This is evident considering the cyclic nature of Plaintiff's claims of "imminent danger" and that the remaining allegations of Plaintiff's complaint have no correlation whatsoever to Plaintiff's tacked on imminent dangers claims.

"Plaintiff cannot 'create the imminent danger so as to escape the three strikes provision of the PLRA.' *Taylor v. Walker*, 2007 WL 4365718, *2 (S.D. Ill.2007); *see also Bell v. Allen*, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003). These courts have noted that 'to hold otherwise would eviscerate the rule because every prisoner would then avoid the three strikes provision . . . ' *See Muhammed*, 2006 WL 1640128, *1." *Pauline v. Mishner*, 2009 WL 1505672, (D. Haw. May 28, 2009). "The court should not have credited Plaintiff's assertion of imminent danger and allowed him to skirt the three-strikes bar. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011); *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010); *Ciarpaglini*, 352 F.3d at 330-31." *Almond v. Pollard*, 443 Fed. Appx. 198 (7th Cir. 2011).

**III. Conclusion**

Therefore, Plaintiff's claims of imminent danger are duplicative of prior lawsuits; his claims of imminent danger are not "imminent;" Plaintiff is attempting to use his (originally desired) placement in general population to satisfy the imminent danger exception; and Plaintiff also appears to be tacking on claims of imminent danger claims in order to circumvent three strikes.

Plaintiff has three or more strikes which occurred before Plaintiff filed this action on May 31, 2011. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical injury at the time he filed his complaint. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and revocation of Plaintiff's in forma pauperis status is appropriate. 28 U.S.C. § 1915(g).

//

//

//

//

//

Based on the foregoing, the Court HEREBY ORDERS:

1. Plaintiff's in forma pauperis status is REVOKED, pursuant to 28 U.S.C. § 1915(g);
2. The Court's order of July 1, 2011, is VACATED, which directed the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;
3. That the Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the Court's electronic case filing system (CM/ECF); and
4. That Plaintiff pay the $350.00 filing fee in full within **twenty (20) days** or this action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:    August 23, 2012

UNITED STATES MAGISTRATE JUDGE