# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:11-cv-00875-GBC (PC) |
| Plaintiff, | ORDER REVOKING IN FORMA PAUPERIS STATUS PURSUANT TO SECTION 1915(g) AND REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN TWENTY DAYS |
| v. | |
| S. HUBBARD, et al., | Doc. 9 |
| Defendants. | TWENTY DAY DEADLINE |

## I. Three Strikes

On May 31, 2011, Plaintiff Bryan E. Ransom ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On July 1, 2011, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 9.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1   28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g)

2   requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant

3   information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or

4   failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

5           The Court takes judicial notice of the following cases which counts as strikes: *Ransom v. Doe*,

6   2:96-cv-08204-RSWL-CT-PC (C.D. Cal.) (dismissed for failure to state a claim on December 4, 1996,

7   dismissed in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994));[2] *Ransom v. Williams*,

8   2:96-cv-08203-MRP-CT-PC (C.D. Cal.) (dismissed for failure to state a claim on December 6, 1996,

9   pursuant to *Heck*); *Ransom v. Sandoval*, 3:01-cv-00513-JM-JAH-PC (S.D. Cal.) (dismissed for failure

10  to state a claim on January 10, 2002). The Court also notes that Plaintiff's request for in forma pauperis

11  status was twice declined by the Ninth Circuit in *Ransom v. Corona*, No. 04-55056 (9th Cir. May 27,

12  2004) and in *Ransom v. Westphal*, No. 08-15376 (9th Cir. Aug. 27, 2008). Thus, Plaintiff is subject to

13  28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was under imminent

14  danger of serious physical injury at the time the complaint is filed.

## II. Claims of Imminent Danger

### A. Legal Standard

17          Prisoners qualify for the imminent danger exception based on the alleged conditions at the time

18  the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The imminent

19  danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging

20  threateningly over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege

21  an ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting

22  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). Thus, "a prisoner who alleges that

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[2] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

1    prison officials continue with a practice that has injured him or others similarly situated in the past will

2    satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception." *Id.*

3    at 1056-57. Additionally, the threat to plaintiff must be real and proximate, *Lewis v. Sullivan*, 279 F.3d

4    526, 531 (7th Cir. 2002), and the allegations need to be specific or credible, *Kinnell v. Graves*, 265 F.3d

5    1125, 1128 (10th Cir. 2001).

6    **B. Analysis**

7    **1. Plaintiff Made the Same Imminent Danger Claims in 2005**

8         In Plaintiff's complaint, he states "Claim No. 1: Imminent Danger." Compl. at 5, Doc. 1. Plaintiff

9    alleges that the prison requires him to wear a special needs yard (SNY) or protective custody (PC) jacket

10   and that he is in danger of being released into the general population. However, Plaintiff does not meet

11   the exception, as he has been alleging the same claims of imminent danger since 2005.

12        On January 21, 2005, Plaintiff filed *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA, 2010

13   WL 4137180, at *2-3 (E.D. Cal.). In that case, Plaintiff alleged the same claims of imminent danger,

14   stating defendants incorrectly labeled him a protective custody (PC) inmate, divulged this information

15   to general custody inmates, released him into the general population, and that Plaintiff was labeled with

16   "the known and lethal PC Jacket." *Id.* The Court found that Plaintiff failed to describe any incidents or

17   threats to his safety since being labeled a "PC" inmate, even during the two occasions when he was

18   released into the general prison population. *Id.* at *3. The Court found that Plaintiff only made vague

19   and conclusory allegations that he is "at a substantial risk of harm" due to a "lethal stigma." *Id.*

20        Similarly in the current case, Plaintiff makes vague and conclusory allegations that prison

21   officials have labeled him as a special needs yard (SNY) or protective custody (PC) inmate, subjecting

22   him to "lethal stigma." Compl. at 5, Doc. 1. Thus, Plaintiff has already made the same allegations of

23   imminent danger, and they have already been rejected by the District Court.

24   **2. Plaintiff's Allegations are Not "Imminent"**

25        Plaintiff also states that on two prior occasions, defendants have placed Plaintiff in the general

26   population, causing him serious injury. *Id.* at 6. Plaintiff does not allege the dates he was placed in

27   general population. Plaintiff alleges retaliation for filing grievances, fabricated allegations against

28   Plaintiff, falsely finding him guilty of "refusing to program" and "disruptive behavior" and assessing

1  a two year security housing unit ("SHU") term. *Id.* Plaintiff states that his two year SHU term expired

2  on March 16, 2011, and Plaintiff is now "subjected" to being returned to general population among his

3  "state created enemies." *Id.*

4      Plaintiff makes no allegations to substantiate his claims that he is "subjected" to return to general

5  population. Although Plaintiff alleges he has been placed in general population on two prior occasions,

6  he does not allege that defendants have *recently* placed him in general population. A review of Plaintiff's

7  prior cases shows that defendants have not placed Plaintiff in general population since at least 2000.

8      In *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA, 2010 WL 3749291, at \*2 (E.D. Cal.),

9  Plaintiff alleged that in September 2000, defendants incorrectly labeled him a Protective Custody (PC)

10  inmate and divulged this information to general custody inmates at Calipatria State Prison, placing him

11  at a substantial risk of harm if released into general custody. *Id.* However, it was more than four years

12  later when Plaintiff filed the complaint in 2005, and by then he had been transferred out of Calipatria

13  State Prison and was in custody at Corcoran State Prison in the Security Housing Unit. *Id.* The Court

14  found that these facts do not support a finding that Plaintiff was under imminent danger of serious

15  physical injury in January 2005, when he filed the complaint. *Id.* In *Ransom v. Johnson*, No. 1:11-cv-

16  00617-LJO-GBC (E.D. Cal.), Plaintiff alleged that on June 8, 2001, defendants at California State Prison

17  - Sacramento transferred Plaintiff to general population. Compl. at 7, 17, Doc. 1.

18      Plaintiff does not allege any dates that he was placed in general custody in the instant case,

19  leading the Court to conclude that he is attempting to allege "imminent danger" for something that

20  transpired at a different prison ten years ago. Thus, Plaintiff fails to allege any facts which demonstrate

21  that his harm, apparently originating at a different prison in 2000-2001, continues to the date of filing

22  this case in 2011.

23  //

24  //

25  //

26  //

27  //

28  //

1    **3. Plaintiff Originally Requested to Remain in General Population, and Plaintiff Now Asserts**

2         **Defendants' Placement in General Population was "Imminent Danger"**

3         Moreover, it appears that Plaintiff originally requested to remain in general population and

4    subsequently sued defendants for transferring him back to the special needs yard.

5                    The district court properly dismissed Ransom's claims that his transfer
                     from the general population to the special needs yard was retaliatory
6                    because Ransom conceded that he had a safety concern in the general
                     population and therefore defendants' actions indisputably advanced a
7                    legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559,
                     567-68 (9th Cir. 2005). The district court also properly determined that
8                    Ransom failed to state a due process claim because he did not allege that
                     being transferred from one facility to another constituted an atypical and
9                    significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

10   *Ransom v. Dymond*, 158 Fed. Appx. 925, at *1 (9th Cir. 2005). Thus, on one hand Plaintiff alleged a

11   retaliatory transfer *from* general population, and now Plaintiff is attempting to use his (originally desired)

12   placement in general population to satisfy the imminent danger exception.

13   **4. Plaintiff Previously Made the Same Claims and Now has Tacked on "Imminent Danger"**

14        Plaintiff also appears to be tacking on claims of imminent danger claims in order to circumvent

15   three strikes. On November 24, 2008, Plaintiff filed *Ransom v. Martinez*, No. 1:08-cv-01812-AWI-GBC,

16   2011 WL 4762122, at *1 (E.D. Cal.). In that case, Plaintiff did not include any claims of imminent

17   danger claim in his original complaint but alleged "Claim Nos. 1 and 2: Denial of Bodily Privacy."

18   *Ransom v. Martinez*, No. 1:08-cv-01812-AWI-GBC, Compl. at 4, 6, Doc. 1. Plaintiff alleged that in

19   August and September 2007, he was forced to undergo strip searches under threat of pepper spray in

20   front of women staff, "notorious homosexuals, voyeurs, and masturbators." *Id.*

21        In the current case, Plaintiff brings the same allegations as in the prior case, stating "Claim No.

22   2: Denial of Bodily Privacy." Plaintiff again alleges that in August and September 2007, he was forced

23   to undergo strip searches under threat of pepper spray in front of women staff, "notorious homosexuals,

24   voyeurs, and masturbators." Compl. at 7, Doc. 1. However, Plaintiff has conveniently tacked on "Claim

25   No. 1: Imminent Danger" in order to avoid the three strikes provision. *Id.* at 6. Thus, Plaintiff is

26   attempting to bring the same case he brought in 2008, but in this instance, he is trying to include an

27   "imminent danger" claim in order to avoid the filing fee. "Frequent filers sometimes allege that they are

28   in imminent danger so they can avoid paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th

1  Cir. 2003). This is evident considering the cyclic nature of Plaintiff's claims of "imminent danger" and
2  that the remaining allegations of Plaintiff's complaint have no correlation whatsoever to Plaintiff's
3  tacked on imminent dangers claims.

4  　　　　"Plaintiff cannot 'create the imminent danger so as to escape the three strikes provision of the
5  PLRA.' *Taylor v. Walker*, 2007 WL 4365718, *2 (S.D. Ill.2007); *see also Bell v. Allen*, 2007 WL
6  484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9,
7  2006); *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003). These courts have noted that
8  'to hold otherwise would eviscerate the rule because every prisoner would then avoid the three strikes
9  provision . . . ' *See Muhammed*, 2006 WL 1640128, *1." *Pauline v. Mishner*, 2009 WL 1505672, (D.
10  Haw. May 28, 2009). "The court should not have credited Plaintiff's assertion of imminent danger and
11  allowed him to skirt the three-strikes bar. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir.
12  2011); *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010); *Ciarpaglini*, 352 F.3d at 330-31." *Almond*
13  *v. Pollard*, 443 Fed. Appx. 198 (7th Cir. 2011).

14  ### III. Conclusion

15  　　　　Therefore, Plaintiff's claims of imminent danger are duplicative of prior lawsuits; his claims of
16  imminent danger are not "imminent;" Plaintiff is attempting to use his (originally desired) placement
17  in general population to satisfy the imminent danger exception; and Plaintiff also appears to be tacking
18  on claims of imminent danger claims in order to circumvent three strikes.

19  　　　　Plaintiff has three or more strikes which occurred before Plaintiff filed this action on May 31,
20  2011. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical injury
21  at the time he filed his complaint. Therefore, the Court finds that Plaintiff should be precluded from
22  proceeding in forma pauperis and revocation of Plaintiff's in forma pauperis status is appropriate. 28
23  U.S.C. § 1915(g).

24  //
25  //
26  //
27  //
28  //

1     Based on the foregoing, the Court HEREBY ORDERS:

2     1.    Plaintiff's in forma pauperis status is REVOKED, pursuant to 28 U.S.C. § 1915(g);

3     2.    The Court's order of July 1, 2011, is VACATED, which directed the Director of the

4           California Department of Corrections and Rehabilitation or his designee to deduct the

5           $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;

6     3.    That the Clerk of the Court to serve a copy of this order on (1) the Financial Department,

7           U.S. District Court, Eastern District of California, Fresno Division and (2) the Director

8           of the California Department of Corrections and Rehabilitation via the Court's electronic

9           case filing system (CM/ECF); and

10    4.    That Plaintiff pay the $350.00 filing fee in full within **twenty (20) days** or this action

11          will be dismissed, without prejudice.

12

13    IT IS SO ORDERED.

14
      Dated:     August 23, 2012

15                                                       UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28